UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE TANNER, | ) | CASE NO.1:06CV0008 |
| | ) | 1:05CR109 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255(ECF #1). Petitioner contends his sentence was imposed as a result of an incorrect application of enhancements points. Petitioner also alleges ineffective assistance of counsel warrants re-sentencing. For the following reasons, the Court denies Petitioner's Motion.

### FACTS

On March 9, 2005, a federal grand jury returned a multi-count indictment against Petitioner and five co-defendants. Petitioner was charged with one count of Conspiracy in

1

violation of Title 18, United States Code, Section 371; four counts of Making, Uttering and Possessing Counterfeit Securities of an Organization, in violation of Title 18, United State Code, Section 513(a) and 2; one count of Producing Counterfeit United States Currency, in violation of Title 18, United States Code, Section 471; one count of Passing Counterfeit United States Currency, in violation of Title 18, United States Code, Section 472; one count of Possession of Counterfeiting Implements, in violation of Title 18, United States Code, Section 513(b) and 2; and one count of Theft of Government Property, in violation of Title 18, United States Code, Section 641.

On May 5, 2005, Petitioner pled guilty to the Conspiracy count (Count 1), one count of Making, Uttering and Possessing Counterfeit Securities (Count 2), Production of Counterfeit U.S. Currency (Count 3), Possession of Counterfeiting Implements (Count 13), and Theft of Government Property (Count 14). On August 3, 2005, Petitioner was sentenced to sixty months imprisonment on Counts 1 and 14 and sixty-two months on Counts 2, 3, and 13, to be served concurrently, followed by two years of supervised release. He was further ordered to pay a special assessment of $500.00 and to pay restitution of $4,735.00. This Court then granted the United States' motion to dismiss Counts 8, 9, 10 and 12 of the indictment.

The Plea Agreement determined a base level offense of six, resulting in a total adjusted offense level of seventeen and guideline range of imprisonment of fifty-one to sixty-three months. However, the parties had failed to consider that U.S.S.G. §2B1.1(a)(1) requires a base level offense of seven which, in turn, would elevate the total adjusted offense to eighteen. The Pre-Sentence Investigation Report (PSR) properly calculated the base and total adjusted offenses which, at a Criminal History Category VI, would have resulted in a guideline range of imprisonment of fifty-seven to seventy-one months. However, since the Plea Agreement was based on the lower total adjusted offense level, Respondent chose to adhere to the agreed upon terms and recommended the Court accept the base level offense of six. The Court accepted the

base level offense of six, giving the Petitioner the benefit of the Plea Agreement calculations upon which he obviously based his decision to plead guilty. Petitioner did not object to the sentence nor did he appeal his conviction.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends the sentence imposed was a result of incorrect application of enhancement points. Petitioner argues he should not have had a two-point enhancement because the counterfeit currency he printed "didn't feel real, look real, didn't have no watermarks or holograms on them." Petitioner also claims the Government found him to be responsible for $30,000 "nothing more and nothing less" and he should not have been given a six-point enhancement under U.S.S.G. §2B1.1(b)(1)(D)

Petitioner next contends he was improperly given a two-point enhancement for passing counterfeit bills to ten businesses under the victim impact enhancement. Petitioner contends he was incarcerated when seven of the ten places received the counterfeit bills. Finally, Petitioner contends he should not have been given the four-point enhancement as a leader of the conspiracy because he was incarcerated about eighty-five percent of the time, knew only two co-defendants

3

and only communicated with one of the two.

The Government contends, and this Court agrees, arguments not raised on direct appeal may be procedurally defaulted. See *United States v. Addonzio*, 442 U.S. 178, 184 (1979). Petitioner never challenged his sentence enhancements on direct appeal. As the Sixth Circuit held in *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) "nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal."

In addition, Petitioner expressly waived his right to challenge collaterally, under 28 U.S.C. §2255, his sentence in his signed Plea Agreement except in limited circumstances. Petitioner fails to allege a constitutional due process violation for his enhancements; rather, his contentions involve alleged errors of fact. Therefore, his claims of incorrect application of sentence enhancements are not subject to collateral attack and are denied.

Petitioner next contends his counsel was ineffective for failure to put Petitioner's objections in the pre-sentence investigation report, and for failing to raise the above enhancement point objections. The Court finds Petitioner has not raised any claims of improper enhancement under *United States v. Booker*, 543 U.S. 220 (2005).

Ineffective counsel claims are governed by the *Strickland v. Washington*, 466 U.S. 668 (1984) standard, in which the United State Supreme Court propagated a two-prong test which would, if met, warrant reversal of a conviction: First, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-689. The reasonable probability issue is the focus of both

parties to this habeas motion. A reasonable probability is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In addition, the review of defense counsel is done with a presumption of reasonableness that must be overcome to meet the *Strickland* test: "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-689. In the context of a Plea Agreement, there must be " a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

"Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States,* 183 F.3d 474, 477 (6th Cir. 1999). Petitioner has failed to provide any evidence or affidavit attesting to the allegations alleged in his motion to vacate. Therefore, Petitioner has created no genuine issue of fact requiring this Court hold an evidentiary hearing.

Because the competence of counsel is presumed, it is Petitioner's burden to prove counsel's representation was unreasonable. The Supreme Court has held, "defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986). Furthermore, the Sixth Circuit, in elaborating on the Petitioner's burden stated, "the threshold issue is not whether [defendant's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992) (en banc).

Here, Petitioner does not contend that, but for his counsel's ineffectiveness, he would have gone to trial. Petitioner merely challenges his enhancement levels based on the facts of his

5

case.

Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient. Petitioner has not sought to withdraw his plea nor does he allege actual innocence in his motion. Also, the Government points out, Petitioner does not allege that he would have declined the Plea Agreement and gone to trial if it were not for his counsel's deficient performance. The Sixth Circuit has held it is significant evidence against a Petitioner's claim of ineffective assistance of counsel when his/her motion fails to demonstrate Petitioner pled guilty solely in reliance on his attorney's allegedly mistaken advice. See *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

The Government contends, and this Court agrees, the facts, as pled in the Plea Agreement, support the guideline computations of which Petitioner now complains. Petitioner was asked at sentencing whether he had gone over the Pre-Sentence Report with his counsel and Petitioner acknowledged he had. Petitioner was asked if counsel had satisfactorily answered any questions Petitioner had concerning the Pre-Sentence Report and Petitioner acknowledged as much. Petitioner never voiced his objections at the time of sentencing, even though he was presented with the opportunity to do so. The Sixth Circuit has held failure to raise an objection at sentencing results in a waiver, except for plain error. See *United States v. Ukomadu*, 236 F.3d 333, 340 (6th Cir. 2001); *United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004).

Petitioner has provided no factual basis for vacating his sentence. In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable.

Petitioner contends his counsel failed to argue against his enhancement points. The Court

finds Petitioner was presented with the opportunity to raise objections at both the plea and sentencing hearings and failed to do so. Second, Petitioner personally initialed each page of the Plea Agreement, including the Stipulated Guideline Computation (para. 16), which reflects the enhancements to which Petitioner now objects. Petitioner received the benefit of the Plea Agreement in acceptance of responsibility reduction and the dismissal of the remaining counts of the indictment. Having received those benefits, including the benefit of a mistaken calculation of his base offense level in Petitioner's favor, he now seeks to have thrown out the guideline computations to which he expressly stipulated. The Court finds Petitioner's position problematic and against the intention and spirit of the Plea Agreement to receive the benefits conferred therein and then challenge the enhancements and assistance of counsel in light of the plain fact he expressly stipulated to each page of the Plea Agreement, including the enhancement calculations.

Furthermore, the Government correctly points out, Petitioner's factual disputes fail on the merits. First, Petitioner argues he should not have been given a two-point enhancement for printing counterfeit money as the quality was poor. The Government responded that the counterfeit items were good enough to be accepted by the victim's of the crimes. Therefore, counsel should not have been required to raise a meritless argument to avoid a challenge for ineffective assistance of counsel. , *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Petitioner also claims the Government found him to be responsible for $30,000 "nothing more and nothing less" and he should not have been given a six-point enhancement under U.S.S.G. §2B1.1(b)(1)(D). However, the Government again correctly points out paragraph 12.b of the Plea Agreement demonstrates the parties agreed the total amount of counterfeit money

7

orders and money grams was $33,613.00, which is consistent with the Stipulated Guideline Computation in paragraph 16. Therefore, under U.S.S.G. §2B1.1(b)(1)(D), a six-point level increase is warranted when the amount in question exceeds $30,000.

Petitioner also contends a two-point victim enhancement should not have been applied because he was "incarcerated on 7 of the 10 places where the money orders were being pass (sic) to." The Government contends, since Petitioner pled guilty to conspiracy, he is responsible for the acts of his co-conspirators under federal law, citing *Pinkerton v. United States*, 328 U.S. 640, 646 (1946). Having pled to Conspiracy, Petitioner was responsible in the eyes of the law for the overt acts of his co-conspirators. Again, this enhancement was agreed to by Petitioner in paragraph 16 of the Plea Agreement. Therefore, the victim enhancement was appropriate and Petitioner's counsel was not required to object pursuant to *Ludwig*.

Finally, Petitioner contends he was not leader of the conspiracy and should not have received a four-point enhancement as he was incarcerated 85% of the time and only knew two of the co-conspirators and had contact with only one. The Government contends Petitioner was one of the creators and manufacturers of the counterfeit materials and, but for Petitioner's manufacture, co-conspirators would have no illegal papers to negotiate or pass. Given that Petitioner stipulated to the fact he had printed the counterfeit materials in question, the Court agrees with the Government Petitioner's counsel had no reason to object to the leadership enhancement. Again, this enhancement was agreed to by Petitioner in paragraph 16 of the Plea Agreement.

Therefore, for the foregoing reasons, the Court finds Petitioner is barred from collaterally attacking his sentence enhancements as he has expressly waived those objections in his Plea

Agreement. Furthermore, Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

9

<u>  8/30/07  </u>     <u>/s/ Christopher A Boyko</u>
Date                   CHRISTOPHER A. BOYKO
                       United States District Judge